Lucienne J. TREMBLAY, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 81–1624.

United States Court of Appeals, First Circuit.

Submitted Jan. 8, 1982.

Decided April 23, 1982.

Paul G. Thibeault, Lewiston, Me., on brief, for plaintiff, appellant.

Richard S. Cohen, U. S. Atty., Paula D. Silsby, Asst. U. S. Atty., Portland, Me., and Robert J. Triba, Asst. Regional Atty., Dept. of Health and Human Services, Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

This appeal is from a decision of the district court affirming the denial of Social Security disability insurance benefits.

The basic question in the case is whether the appellant was disabled on or before September 30, 1965, the last date on which she met the earnings requirements of the Act. The medical evidence from the period when she was eligible for benefits reveals that in 1961 she had surgery for removal of her appendix, excision of an ovarian cyst and suspension of a retroverted uterus. In 1963 she was treated for amenorrhea syndrome and later that year was again operated on for cysts on the ovaries. At that time it was noted that she had some problems with her spine and left hip, apparently as a result of an automobile accident. Vertigo and vomiting are also noted in 1963. Anemia was present during some of this period.

Her personal physician reported in 1980 that appellant had been totally disabled since 1961 although her earnings record shows earnings in 1962, 1967, 1972 and 1973. The doctor's statement was corroborated by affidavits from members of her family.

Appellant's medical records were referred to a medical advisor, a Board Certified Internist. His report stated that her medical problems prior to September of 1965 "would not result in this claimant's disability to engage in substantial and gainful activity...."

■ The conflict between the personal physician and the medical advisor was for the Secretary to resolve. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Since it was resolved against the claimant and since that conclusion has substantial support in the record the decision of the Secretary should be affirmed.

But appellant raises several other issues which, in her view, militate against affirmance.

First she suggests that the Administrative Law Judge (ALJ) made several erroneous findings. She says that he failed to discuss her anemic condition, erred in stating that her rotary scoliosis was not present during her eligible period, wrongly stated that she had a satisfactory recovery from surgery, discounted evidence as to chronic vertigo and vomiting, and failed to give weight to post-1965 illness.

The anemia is not mentioned by the ALJ but the passing references to it in the record provide no basis for believing it to be disabling. The ALJ and the medical advisor both discuss the rotary scoliosis and do not find it disabling. The hospital's discharge summary described the post-operative recovery as normal. While the condition later reappeared that does not render the finding as to recovery inaccurate. The vomiting and vertigo are mentioned in 1961 and 1963 and while they may have been recurrent claimant has provided no clinical evidence that they were.

The post-1965 illnesses are certainly serious in nature but it was claimant's burden to show that she was disabled by 1965. The ALJ had no responsibility to go so beyond what he did do—refer the pre-1966 records to a medical advisor. The advisor's opinion was that she was not disabled in 1965.

The remaining issues raised by the claimant require little discussion with one exception. She argues that the treating physician's opinion should have been given greater weight than the consulting physician's. We have repeatedly refused to adopt any per se rule to that effect. *See Thomas v. Secretary of HHS*, 659 F.2d 8, 10 n.1 (1st Cir. 1981). Where, as here, the treating physician's statement of disability is conclusory and refers to claimant's state twenty years before without relating her condition to vocational factors, we will not reject the Secretary's adoption of the medical advisor's views. While we have held that the views of such a physician are not always by themselves substantial evidence where he does not examine the claimant, *Rodriguez v. Secretary of HHS*, 647 F.2d 218 (1st Cir. 1981), such a rule is of limited value in a case involving a condition alleged to have existed many years before, and where claimant's proof of disability at that time is slight.

The claimant urges that the affidavits of her family should have been given greater weight. Such evidence is hardly neutral and if the Secretary chooses to discount it we will not find fault with that where the specific clinical evidence of disability is so thin. This case is quite different from *Mims v. Califano*, 581 F.2d 1211 (5th Cir. 1978), cited by appellant. There the lay evidence was supportive of the clinically based views of several physicians and there was no substantial contradictory evidence.

Finally, claimant suggests that the record as to subjective pain was not properly developed. The clinical evidence of pain during the relevant period is slight at best and we see no reason to question the Secretary's general conclusion on this basis.

The claimant quite obviously is now suffering from a variety of debilitating conditions. But the Secretary did not find on this record that she was disabled by late 1965. That conclusion is supported by substantial evidence and the judgment of the district court is affirmed.