**Leonard FITZPATRICK, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–1194–C.**

United States District Court, D. Massachusetts.

June 17, 1986.

William J. Gately, Jr., Wynn & Wynn, Taunton, Mass., Jane Eden, for plaintiff.

Asst. U.S. Atty. Marianne B. Bowler, for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

The plaintiff, Leonard Fitzpatrick, brought this action under 42 U.S.C. § 405(g) seeking reversal of an adverse determination by the Secretary of Health and Human Services on his claim that he is disabled within the meaning of the Social Security Act. The matter is now before the Court on the plaintiff's motion for summary judgment and the Secretary's motion for an order affirming her decision. For the reasons set forth below, I rule that the Secretary's determination that the plaintiff is not disabled is supported by substantial evidence and, accordingly, the Secretary's motion for affirmance should be granted, and the plaintiff's motion for summary judgment should be denied.

The plaintiff filed an application for a period of disability and for disability insurance benefits on October 6, 1983, alleging an inability to work since May 13, 1983. The application was denied initially and on reconsideration by the Social Security Administration. The Administrative Law Judge (ALJ), before whom the plaintiff and his attorney appeared on October 15, 1984, considered the case *de novo* and, in a decision dated December 26, 1984, found that the plaintiff was not under a disability. On February 19, 1985 the Appeals Council approved the ALJ's decision and informed the plaintiff that the ALJ's decision stood as the final decision of the Secretary, subject to judicial review. The plaintiff then initiated the instant action in this Court.

Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), provides, *inter alia*, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing," and that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The Act defines disability in both Sections 216(i)(1) and 223(d)(1), 42 U.S.C. §§ 416(i)(1) and 423(d)(1), as:

[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months.

. . . . .

Section 223(d), 42 U.S.C. § 423(d), further provides that:

(2)(A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

\* \* \* \* \* \*

(3) ... a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

\* \* \* \* \* \*

(5) An individual shall not be considered under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require....

The Social Security Administration Regulations, 20 C.F.R. §§ 404.1520 and 416.920, provide a five-step procedure for evaluating disability. *Goodermote v. Secretary of Health & Human Services*, 690 F.2d 5, 6–7 (1st Cir.1982). In his decision the ALJ found that the plaintiff suffers from a respiratory ailment, a back condition, and carcinoma of the bladder, and that because of these ailments he is unable to perform his past relevant work as a quality control inspector or supervisor of inspectors in the tire manufacturing industry. The ALJ further found, however, that considering the plaintiff's residual functional capacity, age, education, and past work experience, *See*

20 C.F.R. §§ 404.1545–1560, the plaintiff is able to perform "light work" within the meaning of the Regulations.[1] Finally, the ALJ found that the plaintiff's nonexertional limitations did not significantly reduce the range of jobs he was able to perform and, therefore, concluded that the plaintiff was not disabled within the meaning of the Social Security Act.[2]

The plaintiff's principal argument is that although the ALJ considered each of his ailments individually and found that none of them alone were disabling, the ALJ failed to consider whether a combination of his ailments rendered him disabled. If the ALJ had done so, the plaintiff argues, he would have found that the plaintiff was unable to engage in any substantial gainful activity and thus was disabled within the meaning of the Act. The plaintiff also contends that the ALJ disregarded the substantial, uncontradicted medical evidence supporting the plaintiff's complaints of an incapacitating back condition and should be reversed on that basis as well. After careful reading of the record, particularly the ALJ's decision, and the arguments made on behalf of both parties, I rule that the ALJ's finding with respect to each of the plaintiff's specific impairments were supported by substantial evidence, that the ALJ did consider whether the combination of the plaintiff's ailments rendered him disabled, and that there was substantial evidence in the record to support the ALJ's finding that the plaintiff's back condition alone was not disabling.

■ The ALJ reviewed the evidence on the record thoroughly before making his findings with respect to each of the plaintiff's major ailments. The ALJ found that while the plaintiff's respiratory problems constituted a "severe" impairment, 20 C.F.R. §§ 404.1520–1521, they did not meet

---

1. The Regulations, 20 C.F.R. § 404.1567(b), define light work as follows:

   (b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

2. In determining a claimant's residual functional capacity, the Regulations, 20 C.F.R. § 404.-1545(d), require that the Secretary consider the claimant's non-exertional as well as exertional limitations.

or equal the requirements of the pertinent listed impairment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.03. Based upon my review of the record, I rule that there is substantial evidence to support these findings. A pulmonary function study performed in May, 1983 at the Goddard Memorial Hospital revealed "a pattern of mild obstructive airway disease," and the report of a similar study performed in April, 1984 stated that the plaintiff was suffering from a "moderate obstructive ventilatory defect." In a report dated April 20, 1984, Dr. Gertler diagnosed "chronic obstructive pulmonary disease, mild to moderate," but also stated that the plaintiff "is able to get by fairly well within his medical regimen." The Court is mindful that in a letter dated June 10, 1983, one of the plaintiff's treating physicians, Dr. Hyman L. Bloom, stated that the plaintiff's respiratory condition together with his other problems rendered him unfit for gainful occupation. It is settled law, however, that a physician's conclusion concerning disability is not controlling. 20 C.F.R. § 404.1527; *Tremblay v. Secretary of Health and Human Services,* 676 F.2d 11, 13 (1st Cir.1982).

The record also reveals that the plaintiff underwent an operation in 1982 to remove a large cancerous tumor from his bladder. Thereafter, the plaintiff received thiotepa treatments on a weekly basis for a period of time. After those treatments were terminated, he underwent a cystoscopy every four months to monitor his condition. On at least two occasions since the plaintiff underwent surgery to remove the bladder tumor, he has had small recurrent low grade tumors removed from his bladder. Dr. Roland Laferte, the plaintiff's physician, has consistently stated, however, that this condition is not disabling. The ALJ found that the plaintiff's bladder problem does not meet the clinical requirements of any listed impairment in the Regulations and would not preclude the plaintiff from performing light work. Based upon my review of the record, I rule that this finding is also supported by substantial evidence.

The last of the plaintiff's three ailments that warrants discussion is his back prob-

lem. The ALJ found that although the plaintiff may experience some back pain or discomfort, the plaintiff's back problems did not meet the clinical requirements of the pertinent listing, *See* 20 C.F.R., Pt. 404, Subpt. P., app. 1 § 1.05(C), and that his pain was not of sufficient severity to preclude the performance of work at the light exertional level. The plaintiff argues that the record contained substantial, uncontradicted medical evidence which supported the plaintiff's contentions at the hearing of incapacitating pain, and that the ALJ was not free to reject that evidence or the plaintiff's testimony. For the following reasons, I do not accept the plaintiff's argument and rule that the ALJ's findings with respect to the plaintiff's back ailments were supported by substantial evidence.

The record shows that the plaintiff first saw Dr. Alan Jacobson, a licensed chiropractic physician, on October 10, 1982 for left lower back and radiating left leg pain. In a report dated October 19, 1983, Dr. Jackson stated that the plaintiff claimed to have infrequent and acute episodes of pain, but also claimed to be improved. Dr. Jackson also stated that the plaintiff was "limited in certain activities" and had a "partial ongoing disability." In a report dated December 6, 1983, Dr. Wainer stated that his examination of the plaintiff revealed that the plaintiff's motor, sensory, and cerebellar were intact, his toes were downgoing, and his deep tendon reflex were 2+ bilaterally. Dr. Arthur N. Gertler, who examined the plaintiff on April 20, 1984, stated that although the plaintiff suffers from "chronic low back pain," he had a full range of motion of the toes, ankles, knees, and hips, and no muscle wasting, pedal edema, or joint deformity. The plaintiff's straight leg raising was positive on the left and negative on the right with only some limitation on forward bending to 70 degrees, and he had a normal gait and normal muscle strength. An EMG and a CAT SCAN performed in October, 1984 revealed moderately severe diffuse bulging of the annulus fibrosis, vacuum phenomena in the nucleus pulposus, and spinal stenosis in the three lumbosacral levels of L3–4, L4–5, and

L5–S1. At the hearing the plaintiff testified that the pain in his back and legs caused him much discomfort and made it necessary for him to lie down four or five times a day. Presumably based upon these reports, Dr. Jacobson stated in a report dated October 10, 1984 that in his opinion "there is an ongoing total disability."

The ALJ found that Dr. Jacobson's assessment of total disability was not supported by the medical evidence in the record. *See* 20 C.F.R. § 404.1527. The ALJ also noted that the plaintiff's back condition has required only intermittent chiropractic treatment and over-the-counter-analgesics, and that the EMG and CAT SCAN findings were unremarkable. Considering the evidence on the record as a whole, *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981), I rule that there is substantial evidence in the record to support the ALJ's findings that the plaintiff's back condition did not meet the requirements of any listed impairment or preclude him from performing light work.

The plaintiff's principal contention is that even if there was substantial evidence to support the ALJ's findings as to each individual impairment, the ALJ erred in failing to evaluate the combined effect of these impairments on the plaintiff's ability to engage in substantial gainful activity. *See* 20 C.F.R. § 404.1523. Although the ALJ did not specifically state in his decision that he was doing so, based upon my reading of the hearing transcript and the ALJ's decision, I rule that the ALJ did consider the combined effect of the plaintiff's ailments. In his opening statement at the hearing the ALJ stated that "the specific issue is whether [the plaintiff has] an impairment or *combination of impairments* of such severity as to prevent any substantial gainful activity for a continuous period of not less than 12 months." (emphasis added). The language of the ALJ's decision also indicates that he considered the combined effects of the plaintiff's ailments. At the hearing the plaintiff testified about his lung, back, and bladder problems, and in his decision the ALJ discussed these problems in exhaustive detail

and made findings with respect to each of them individually. He also made findings with respect to the plaintiff's other problems, including gout, an episode of acute gastroenteritis, and possible alcohol abuse. After discussing these ailments, the ALJ stated that "the ultimate issue in this case is whether the claimant has retained the residual functional capacity to perform his past relevant work or some alternative form of work activity." The ALJ concluded that although the plaintiff could no longer perform his past work, there were other jobs in the national economy at the light exertional level which he could perform. There is nothing in the ALJ's decision to suggest that he did not consider, as he said he would in his statement at the outset of the hearing, and as any determination of a claimant's residual functional capacity necessarily requires, whether a combination of the plaintiff's ailments rendered him disabled within the meaning of the Act.

Order accordingly,