**Richard E. ROENNE, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–572 LON.**

United States District Court, D. Delaware.

April 10, 1987.

John G. Abramo of Abramo & Abramo, Wilmington, Del., for plaintiff.

Richard J. McMahon, Dept. of Justice, Wilmington, Del., for defendant.

LONGOBARDI, District Judge.

The decision of the Secretary of Health and Human Services to deny benefits to a claimant must be upheld if supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Edison Co. v. Labor Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Further, the Third Circuit has interpreted "substantial evidence" to include an additional requirement. The Secretary must consider all relevant evidence and have a valid reason for rejecting Plaintiff's probative evidence of disability. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.1981), *noted in Cousins v. Heckler*, C.A. No. 84–01 LON, slip op. at 2 (D.Del. Jan. 30, 1985). Thus, as this Court has noted, in order to ascertain whether the Secretary's decision is supported by substantial evidence, the Court must determine that (1) there is evidence to support the Secretary's finding; and (2) the Secretary had proper reasons for rejecting Plaintiff's contrary evidence. *Cousins*, C.A. NO. 84–01 LON, slip op at 2.

In Title II cases, the Third Circuit has established a two-pronged test for Social Security Act disability: (1) a determination of the extent of disability; and (2) a determination of whether that impairment results in inability to engage in substantial gainful activity. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir.1979). A claimant satisfies his initial burden of proof by showing that he is unable to return to his customary occupation, *id.*, and that burden is satisfied if his doctor "substantiates his subjective claims." *Id.* (citations omitted). Once the claimant has made such a demonstration, "the burden of proof shifts to the Secretary to show that the claimant, given h[is] age, education and work experience, has the capacity to perform specific jobs that exist in the national economy." *Id.* (citations omitted). As noted above, this bur-

den is satisfied if the finding is supported by substantial evidence.

Because the Secretary "cannot reject evidence for no reason or the wrong reason," *Cotter*, 642 F.2d at 706, corroborating medical testimony is essential before the Administrative Law Judge ("ALJ") may properly deny benefits. *See Smith v. Califano*, 637 F.2d 968, 972 (3d Cir.1981) (citations omitted). While as a broad, general proposition, the opinion of a claimant's treating physician is entitled to substantial weight, *see Cotter*, 642 F.2d at 704 (citing *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978)), "the Secretary may reject the opinion of *any* physician when *the evidence supports* a contrary conclusion." *Cousins*, C.A. No. 84–01 LON, slip op. at 6 (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir.1983) (emphasis added)). It is within the Secretary's province, not the courts', to resolve conflicts in medical testimony. *Cousins*, C.A. No. 84–01 LON, slip op. at 6 (citing *Richardson v. Perales*, 402 U.S. at 399, 91 S.Ct. at 1426; *Tremblay v. Secretary of Health & Human Services*, 676 F.2d 11, 12 (1st Cir.1980) (per curiam)).

After a careful and considered *de novo* review of the record, I agree with the Magistrate that the Secretary has not adduced substantial evidence to support the denial of the instant claim. In his initial decision, the ALJ found that Plaintiff had carried his burden of establishing that he was unable to return to his former occupation. Transcript ("Tr.") at 20.[1] The ALJ also found that Plaintiff possessed the residual functional capacity to perform light work. The Appeals Council concluded that there was no basis for a review of the ALJ's hearing decision. Tr. at 3. The Magistrate remanded the claim to the ALJ solely for consideration of Plaintiff's capability to perform light work. Thus, as the Magistrate notes, the only issue on remand was whether the Secretary could show by substantial evidence that Plaintiff is capable of performing jobs in the light work category.

In his second decision, the ALJ found that Plaintiff was not totally disabled because consultative examinations showed that he did not have the level of emotional impairment that he asserts; objective findings of his physicians and psychiatrist show only modest abnormalities; and that his emotional status and blood pressure control can and do improve when exacerbating influences are removed. Tr. at 158. In so finding, he explicitly rejected the opinions of Dr. Mitchell and Dr. Kay, both treating physicians, that Plaintiff was totally disabled. *Id.* Additionally, this finding led the ALJ to "significantly reduce the probative value" of the opinion of Plaintiff's vocational expert, Mr. Kulman, that Plaintiff cannot work. *Id.* Thus, the ALJ found Plaintiff capable of performing jobs in the light work category.

While the ALJ discusses conflicts in the evidence in the record, he points to no medical evidence, other than the one time examination by Dr. Thiel in order to support the denial of benefits.[2] While it is the Secretary's prerogative to resolve conflicts

1. The Report and Recommendation of the Magistrate dated June 9, 1983, Docket Item ("D.I.") 13, does not explicitly affirm this decision. Nonetheless, the clear import of a remand for failure to adduce substantial evidence of Plaintiff's ability to perform work in the light category is that Plaintiff has met his burden of proof and shifted the burden of persuasion to the Secretary.

2. The ALJ does refer to "widely-spaced examinations" by Dr. Celello and Dr. Keough on behalf of the Secretary. Tr. at 156. These reports show Plaintiff to be free from neurological disabilities. Dr. Celello's examination took place *before* the remand. Hence, the Magistrate must have concluded that it, standing alone, did not supply substantial evidence. Dr. Keough's report can be given only limited weight. On a purely objective level, based on a two hour examination, Dr. Keough found *no* limitations for work. Aside from the obvious conflict with the ALJ's previous finding regarding Plaintiff's former job, Dr. Keough prefaced his findings: "[o]f note, the only way to actually determine physical capacity for work ... with any reliability and without use of multiple assumptions would be a work study analysis." Tr. at 229. As Exhibit A of Plaintiff's Brief, D.I. 22, indicates, Roenne was unable to complete even the first phase of a three stage Graded Exercise Stress Test ordered by the ALJ. Hence, Dr. Keough's assessment cannot be given great weight.

in testimony, implicit in such resolution is the existence of evidence to support a contrary conclusion. The ALJ's denial was based on one hypothetical question phrased in a light least favorable to Plaintiff. That question, according to the ALJ, was phrased in such a way as to account for what he considered Plaintiff's lack of credibility and "the level of functional impairment established by the weight of the evidence (as opposed to the level of impairment asserted by the claimant)...." Tr. at 159.[3] Nonetheless, as the Magistrate indicates, this construction of the hypothetical was based almost entirely upon the testimony of Dr. Thiel, a psychiatrist who examined Plaintiff on one occasion.[4] *See also* Tr. at 152. I cannot conclude that this provides substantial evidence, especially in light of the clear testimony of Plaintiff's treating physicians.

Section 405(g) provides in part that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the case for a rehearing." *Id.* In this instance, the Magistrate has documented the procedural history of the case. *See* D.I. 13, 35. Remand would serve no useful purpose.

---

**3.** The Government's vocational psychologist, Mr. Wolf, responded that Plaintiff would even be able to return to his former job under these assumptions. The ALJ did not accept that portion of the answer. There is some discrepancy in using an answer to a broadly phrased question which, in part, directly contradicts an earlier holding without setting forth any reason for delineating between the stress of the former job and other light jobs.

**4.** When counsel for Plaintiff altered the hypothetical to conform to the testimony of Dr. Kay, Plaintiff's psychiatrist, Mr. Wolf indicated that Plaintiff would not be fit for light work. *See* Tr. at 199–200.