**Hector F. SANCHEZ VEGA, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civil No. 01–2254 (JAG).**

United States District Court, D. Puerto Rico.

May 31, 2002.

---

Nydia Gonzalez-Ortiz, Santiago & Gonzalez, Yauco, PR, for Plaintiffs.

Camille L. Velez-Rive, U.S. Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 27, 2001, plaintiff Hector Sanchez Vega ("Sanchez Vega") sought review, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits. Both parties have filed memoranda in support of their respective positions. (Docket Nos. 11, 13.) Upon a review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

## FACTUAL BACKGROUND

On August 15, 1997, Sanchez Vega filed an application for a period of disability and for disability insurance benefits, alleging an inability to work since December 31, 1984. The Social Security Administration denied the application initially and on reconsideration. On February 25, 1999, San-

chez Vega, his attorney and a medical expert appeared before an Administrative Law Judge ("ALJ"), who considered the matter *de novo*, and found that Sanchez Vega was not disabled. On July 20, 2001, the Appeals Council upheld the ALJ's decision, thereby rendering it the final decision of the Commissioner, and making it subject to final review.

Sanchez Vega alleged that he was disabled as a result of a combination of conditions that precluded him from engaging in any gainful activity and rendered him disabled within the meaning of the Social Security Act. At the time of his application, Sanchez Vega was 46 years of age, had an eighth grade education, and had previous work experience as a construction laborer and maintenance man. The medical record revealed that Sanchez Vega received treatment for alcohol and drug abuse, a nervous condition, and kidney stones at various times during the 1980s and 1990s.

The ALJ found that Sanchez Vega met the disability insured status requirements of the Social Security Act on December 31, 1984, and continued to meet them through December 31, 1987, but not thereafter. Although the ALJ found that Sanchez Vega had experienced severe alcohol abuse, he also found that Sanchez Vega did not have an impairment or combination of impairments listed in (or analogous to) those listed in Appendix 1, Subpart P, Regulations No. 4. Moreover, the ALJ found that the intensity and persistence of Sanchez Vega's complaints and his alleged functional limitations were unsupported by the evidence. He further concluded that Sanchez Vega had the residual functional capacity to perform work-related activities, except for work involving complex or detailed tasks. Because Sanchez Vega's impairments did not prevent him from performing his past relevant work, the ALJ concluded that Sanchez Vega was not disabled pursuant to the Social Security Act.

## DISCUSSION

■■■ To establish entitlement to benefits, Sanchez Vega bears the burden of proving that he became disabled within the meaning of the Social Security Act. *See, e.g., Deblois v. Secretary of HHS,* 686 F.2d 76, 79 (1st Cir.1982). Sanchez Vega may be considered disabled within the meaning of the Social Security Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him from working not only in his usual occupation but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Sanchez Vega must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *McDonald v. Secretary of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986).

■■■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981). Moreover, Sanchez Vega's complaints cannot provide the basis of entitlement when they are not supported by medical evi-

dence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

█] The Court finds that the record contains sufficient evidence to support the ALJ's conclusion that Sanchez Vega was not disabled as of December 31, 1987, the date of expiration of his insured status. Sanchez Vega contends that he has a combination of impairments that significantly restrict his capacity to engage in a full range of sedentary work. The record does not support his contention. With respect to the alcoholism, Sanchez Vega failed to proffer sufficient evidence to show that his condition became disabling and irremediable before December 31, 1987.[1] With respect to his claim of mental illness, the medical expert testified (and the ALJ partially relied on his testimony) that Sanchez Vega lacked any psychiatric symptoms in the absence of alcohol use.

█ The ALJ took into consideration Sanchez Vega's subjective complaints of pain under *Avery*, 797 F.2d at 22, and concluded that Sanchez Vega did not suffer any disabling distress during the relevant period. Additionally, the ALJ considered not only Sanchez Vega's daily activities, duration of pain, frequency, and intensity, as well as his ability to deal with his physical and social environment. In observing him at the hearing, evaluating his demeanor and considering how his testimony fits in with the rest of the evidence, the ALJ is entitled to deference, especially when supported by specific findings. *DaRosa v. Secretary of HHS*, 803 F.2d 24, 26 (1st Cir.1986).

█ The Commissioner is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly. *Tremblay v. Secretary of HHS*, 676 F.2d 11, 12 (1st

Cir.1982). The Commissioner's findings are conclusive if supported by substantial evidence, even if the Court might have decided otherwise had it heard the same evidence *de novo*. *Lizotte v. Secretary of HHS*, 654 F.2d 127, 128 (1st Cir.1981). The Court finds that there is substantial evidence to support the Commissioner's decision that Sanchez Vega failed to establish a disability pursuant to the Social Security Act. Accordingly, the Court will affirm the Commissioner's decision denying Sanchez Vega disability insurance benefits.

## CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision denying plaintiff Sanchez Vega's request for disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.

---

1. In any event, the 1996 amendments to the Social Security Act would have precluded an award of disability benefits solely on this ground.