**Luis M. ARIAS, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civil No. 01–2742 (JAG).**

United States District Court,
D. Puerto Rico.

June 24, 2002.

Oscar Crespo-Lopez, Ponce, PR, for Plaintiffs.

Camille L. Velez-Rive, U.S. Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 21, 2001, plaintiff Luis M. Arias ("Arias") sought review, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g)(the "Act"), of a final determination rendered by the Commissioner denying him disability insurance benefits. Both parties have filed memoranda in support of their respective positions. (Docket Nos. 7, 8.) Upon a review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

## FACTUAL BACKGROUND

Arias, who was born on September 23, 1941, worked as a parts manager and procurement service manager. On September 21, 1996, Arias filed an application for a period of disability and for disability insurance benefits, alleging an inability to work since March 31, 1995, due to prostate cancer, incontinence, and a nervous condition. The Social Security Administration denied the application initially and on reconsideration. On September 12, 1997, a

Senior Staff Attorney reviewed the record and concluded that Arias became disabled on March 31, 1995. Upon review, the Appeals Council found that Arias had engaged in substantial gainful activity after that date, and remanded the case to an administrative law judge ("ALJ") for an evaluation of Arias's work activity and his maximum residual functional capacity.

On April 14, 1998, the ALJ held a hearing and considered the case *de novo*. On May 28, 1998, the ALJ issued a ruling concluding that the plaintiff was disabled as of November 1, 1997, but not before. On November 30, 2001, after considering additional medical evidence, the Appeals Council denied review of the ALJ's decision, thereby rendering it final and subject to judicial review.

On appeal, both parties agree that the main issue for the Court is whether the record contains substantial evidence to support the ALJ's finding that Arias became disabled as of November 1, 1997, but not before that date.

## DISCUSSION

■ To establish entitlement to benefits, Arias bears the burden of proving that he became disabled within the meaning of the Social Security Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir.1982). Arias may be considered disabled within the meaning of the Social Security Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him from working not only in his usual occupation but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Arias must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Arias's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. §§ 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

■ The Court finds that the record contains sufficient evidence to support the ALJ's conclusion that Arias was disabled as of November 1, 1997, but not prior to that date. The ALJ concluded that Arias had severe prostatic cancer metastasis, but further found that Arias did not have an impairment or combination of impairments listed in the Commissioner's Listing of Impairments before November 1, 1997. See 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ noted that Arias was engaged in substantial gainful activity through March, 1996, and that he had the residual functional capacity to perform light work between March, 1996 and November 1, 1997. The ALJ concluded that Arias could return to his former type of work prior to November 1, 1997, because his past relevant work as a parts manager and procurement services manager did not require him to perform work-related activities that were precluded by his residual functional capacity.

With respect to the medical evidence, although Dr. Ruben Rivera (Arias's psychiatrist) concluded that Arias was disabled, that is an issue reserved for the Commissioner. *Irlanda Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991); *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981). The ALJ's findings concerning Arias's pain and psychological status (based at least partially on Dr. Cotto's and Dr. Toro's proffered testimony) were supported by substantial evidence. There may have been some contrary evidence, but the record as a whole was adequate to support his findings. *See Ward v. Commissioner of Social Security*, 211 F.3d 652, 655 (1st Cir.2000); *Rodriguez*, 647 F.2d at 222. The ALJ was not required to give controlling weight to Dr. Rivera's opinion, inasmuch as the record contained conflicting evidence. *See* 20 C.F.R. §§ 404.1527(d)(2).

 The Commissioner is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly. *Tremblay v. Secretary of HHS*, 676 F.2d 11, 12 (1st Cir.1982). The Commissioner's findings are conclusive if supported by substantial evidence, even if the Court might have decided otherwise had it heard the same evidence *de novo*. *Lizotte v. Secretary of HHS*, 654 F.2d 127, 128 (1st Cir.1981). The Court finds that there is substantial evidence to support the Commissioner's decision that Arias failed to establish that he was disabled prior to November 1, 1997, pursuant to the Social Security Act. Accordingly, the Court will affirm the Commissioner's decision denying Arias's disability insurance benefits before that date.

## CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision denying plaintiff Arias's request for disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.