**Luis DE JESUS CRUZ, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**CIVIL NO. 02–1072 (JAG).**

United States District Court, D. Puerto Rico.

Oct. 31, 2002.

Rafael Colon–Flores, Ponce, PR, for Plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, Torre Chardon, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On January 17, 2002, plaintiff Luis de Jesus ("de Jesus") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits. Both parties have filed memoranda in support of their respective positions. (Docket Nos. 11, 13.) Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

De Jesus, who was born on August 8, 1942, worked as a sugar cane cutter. On May 11, 1992, and on November 18, 1993, de Jesus filed applications for disability and disability insurance benefits, alleging an inability to work since March 31, 1990, due to poor vision, diabetes, and depression. The Social Security Administration denied the application initially and on reconsideration. On July 27, 1998, the Administrative Law Judge ("ALJ") held a hearing and concluded that de Jesus was not entitled to a period of disability or disability insurance benefits under §§ 216(i) and 223 of the Act. On January 17, 2002, de Jesus appealed, alleging that his second application included substantive new medical evidence that the ALJ did not evaluate.

## DISCUSSION

■■■ To establish entitlement to benefits, de Jesus bears the burden of proving that he became disabled within the meaning of the Act. See, e.g., Deblois v. Secretary of HHS, 686 F.2d 76, 79 (1st Cir. 1982). De Jesus may be considered dis-

abled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. See 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him from working not only in his usual occupation but in any other substantial gainful work considering his age, education, training, and work experience. See 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; de Jesus must also be precluded from engaging in any substantial gainful activity by reason of such impairment. See, e.g., McDonald v. Secretary of HHS, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, de Jesus' complaints cannot provide the basis of entitlement when they are not supported by medical evidence. Avery v. Secretary of HHS, 797 F.2d 19, 20 (1st Cir. 1986). The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. See Rodriguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir.1981).

The Court finds that the ALJ performed a substantial evaluation of the new medical evidence and the record in its entirety to determine that de Jesus was not severely impaired on March 31, 1990. The ALJ complied with the standard to evaluate pain and other symptoms pursuant to Section 3(a) of Public Law No. 98–460, the Act, the guidelines set forth in 20 C.F.R.

---

1. Yamil Jaskille, a second year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

§ 404.1529, and Social Security Ruling 96–7p. In determining disability, the ALJ followed a sequential evaluation process whereby he considered: 1) current work activity; 2) severity of the impairments; 3) whether de Jesus' impairments meet or equal a listed impairment in Appendix 1; 4) ability to do past work; 5) and ability to do other work (in light of his age, education, and work experience.) (*See* 20 C.F.R. § 404.1520; Tr. 17.)

On June 15, 1998, Dr. Juan Deniz, a neurophysiologist, was the last medical doctor to evaluate de Jesus. He concluded that with corrective lenses de Jesus evoked a normal visual response; he was not statutorily blind. (*See* Tr. 363, 364.)

"We will consider you blind under the law for a period of disability and for payment of disability insurance benefits if we determine that you are statutorily blind. Statutory blindness is defined in the law as central visual acuity of 20/200 or less in the better eye with the use of correcting lens. An eye which has a limitation in the field of vision so that the widest diameter of the visual field subtends an angle no greater than 20 degrees is considered to have a central visual acuity of 20/200 or less." This condition must have lasted or must be expected to last for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1581.

Dr. Deniz's evaluation contradicts the previous medical report made by Dr. Rafael Fossas. On February 24, 1997, Dr. Fossas, an ophthalmologist, determined that de Jesus had a vision of less than 20/200 after the use of corrective lenses, and an absolute limitation on the field of vision. Dr. Fossas, who noted de Jesus' cooperativeness and ability to follow instructions, could not objectively explain the alleged lack of vision claimed by de Jesus. (*See* Tr. 349–352.)

With respect to the medical evidence, the determination of total disability is an issue reserved for the Commissioner. *See Irlanda Ortiz v. Secretary of HHS,* 955 F.2d 765, 769 (1st Cir.1991); *Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981). The ALJ's findings concerning de Jesus' loss of vision were supported by substantial evidence. The ALJ considered: de Jesus' "prior work record; information and observations by treating and examining physicians and people who may have knowledge about the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors; type, dosage, and effectiveness of medication and other treatment; adverse side effects; functional restrictions; and de Jesus' daily activities and other pertinent information." (*See* Tr. 18.) There may have been some contrary evidence (Dr. Deniz's evaluation on 1998 contradicting Dr. Fossas on 1997), but the record as a whole was adequate to support the ALJ's findings. *See Ward v. Commissioner of Social Security,* 211 F.3d 652, 655 (1st Cir.2000); *Rodriguez,* 647 F.2d at 222. The ALJ was not required to give controlling weight to Dr. Fossas' opinion, since the record contained conflicting evidence. *See* 20 C.F.R. § 404.1527(d)(2). The Commissioner is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly. *See Tremblay v. Secretary of HHS,* 676 F.2d 11, 12 (1st Cir.1982). The Commissioner's findings are conclusive if supported by substantial evidence, even if the Court might have decided otherwise had it heard the same evidence *de novo.* *Lizotte v. Secretary of HHS,* 654 F.2d 127, 128 (1st Cir.1981).

The Court finds that there is substantial evidence to support the Commissioner's decision that de Jesus failed to establish that he was disabled prior to March 31,

1990, pursuant to the Social Security Act. Accordingly, the Court will **AFFIRM** the Commissioner's decision denying de Jesus' disability insurance benefits before that date.

## CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision denying plaintiff de Jesus' request for disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.