**Manuel THOMAS, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 81–1156.**

United States Court of Appeals, First Circuit.

Submitted Sept. 11, 1981.

Decided Sept. 14, 1981.

---

Stephen M. Rappoport, Steven J. Hirsch, and Slepkow, Slepkow & Rappoport, East Providence, R. I., on brief for plaintiff, appellant.

Paul F. Murray, U. S. Atty., and Everett C. Sammartino, Asst. U. S. Atty., Providence, R. I., on brief for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellant Manuel Thomas contends that, chiefly due to arthritis of the left knee, he is unable to work, and that he is therefore entitled to disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq.* His initial application for benefits was denied by appellee Secretary of Health and Human Services, who followed the recommendation of the Administrative Law Judge (ALJ) who conducted a hearing on the claim. Thomas then sought review in the district court pursuant to 42 U.S.C. § 405(g), which remanded the case to the Secretary for the taking of new evidence. Once again, a hearing was conducted before an ALJ, who recommended that

the claim be denied, and the Secretary accepted this recommendation. Thomas again petitioned the district court, where his case was first considered by a magistrate, who wrote a thoughtful and detailed opinion recommending that the Secretary's denial of benefits be upheld, and then by Judge Pettine, who issued a further comprehensive decision before entering judgment for the Secretary. We affirm.

The Secretary determined that although appellant is unable to perform his past relevant work, he is able to perform sedentary work, and therefore is not disabled. The Social Security Act defines "disability" as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

42 U.S.C. § 416(i)(1)(A); *id.,* § 423(d)(1)(A). The Act further provides that

> an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). The Secretary has elaborated on these requirements in a detailed set of regulations. The Secretary has classified jobs by their "exertional requirements." "Sedentary work," which is relevant here, is defined as work which

entails lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (e. g., files), ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.910(b). Once a finding is made that a claimant is able to perform sedentary work, a table is used to determine whether the individual is disabled, based on his age, education and previous work experience. *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table 1 ("the Table"); *see also* 42 U.S.C. § 423(d)(2)(A), *supra.* Under Rules 201.03 and 201.17 of the Table, appellant must be determined to be not disabled, once the finding that he is able to perform sedentary work is accepted.

Appellant's chief contention on appeal[1] is that the Secretary erred in finding him capable of doing sedentary work, that the Table is therefore inapplicable, and he thus is "disabled" within the meaning of the Social Security Act.

The standard of judicial review under 42 U.S.C. § 405(g) is clear: if the Secretary's findings of fact are supported by substantial evidence, they cannot be disturbed. *See, e. g., Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Gonzalez v. Richardson*, 455 F.2d 953 (1st Cir. 1972). Here, there was considerable evidence that appellant could perform sedentary work as defined by the Secretary's published regulations. Virtually all of the medical evidence is in accord that he could do light work if he were mostly sitting down and allowed to stand occasionally. A vocational expert testified that there were numerous jobs that appellant could perform given the medical evidence on his condition.

The primary thrust of appellant's argument is not that he cannot perform sedentary work as defined in 20 C.F.R. § 416.-910(b). Rather, he would "refine" this definition of sedentary work in light of certain language in a Social Security Administration policy manual, the Disability Operational Policy and Procedures Information Digest ("the Digest"). This gloss, appellant contends, compels the conclusion that he cannot perform sedentary work on the evidence presented. The Digest, No. 79–20 (April 1979), states that, among the "basic concepts to consider" in determining whether an individual is able to perform sedentary work, is that

> all sedentary jobs would require that a worker have the capacity to remain seated *most* of the work day. Therefore, an impairment which compels a worker to alternate standing and sitting at frequent and/or regular intervals would preclude his being able to perform sedentary work. [Emphasis in original.]

Appellant argues that the evidence shows he must alternate sitting and standing, and that the Digest therefore precludes a finding that he can perform sedentary work. We disagree.

At the outset, we express doubt that the Digest could, or was intended to, have the effect of altering or limiting the Secretary's regulatory definition of "sedentary work" as published in the Code of Federal Regulations. *See generally* 2 K. Davis, Administrative Law Treatise § 7:5 (2d ed. 1979). Indeed, the discussion in the Digest is prefaced by a notice stating that it "does not supersede existing operational policy or procedure."

At most the Digest might be viewed as a kind of interpretive rule to be read harmoniously with section 416.910(b) as an aid to its interpretation. *Cf. Nason v. Kennebec County CETA*, 646 F.2d 10 (1st Cir. 1981). Taken in this light, the Digest statement

---

[1]. Appellant also contends that the Secretary erred in giving weight to the views of a medical advisor, and should have deferred to the opinion of appellant's treating physician. These arguments are without legal merit. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 223–24

(1st Cir. 1981). Moreover, even were we to accept these propositions, there is substantial record support for the Secretary's determination that appellant could perform sedentary work.

appears merely to emphasize what is already inherent in the phrase "sedentary work"—that one whose disability precludes sitting most of the work day is not, in fact, adapted to sedentary work. Evidence in the present record indicates, however, that appellant can sit most of the day, so long as he is able to stand briefly every half hour or so. For example, appellant testified that he often remained seated all morning; most of the medical evidence is to the effect that he could have a job where he was "mostly sitting," although he would have to stand up occasionally. We do not read the Digest as excepting this type of activity restriction from the definition of sedentary work. The primary requirement, as stated in the Digest, following the regulation, is that "all sedentary jobs would require that a worker have the capacity to remain seated *most* of the day." (Emphasis in original.) The clause referring to "an impairment which compels a worker to alternate standing and sitting" does not limit the definition any further than the primary "seated most of the day" requirement. Rather, it simply elucidates the status of persons, who by reason of their need to alternate between periods of standing and sitting, cannot remain seated most of the day,[2] for example, persons who must often interrupt their sitting with standing for significant periods of time, preventing them from reliably attending to work in a seated position.

In this case, there is substantial evidence that appellant need only interrupt his sitting with brief periods of standing in order to relieve pain and stiffness in his knee. The evidence is strong that he does "have the capacity to remain seated *most* of the day." Therefore, even under the Digest, and certainly under the regulations and the Social Security Act itself, there is substantial evidence to support a finding that appellant is able to perform sedentary work. His claim for disability benefits was properly denied.

*Affirmed.*

2. This is made clear by the place of the clause in the description (*see* the quotation in full, *supra*). It comes after the primary requirement and is prefaced by the word "therefore," indicating that it simply explains further what is meant by the first requirement, and has no true independent status of its own.