Adelia DACOSTA, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
Social Security Administration,
Defendant.

No. CIV. A. 98–40158–NMG.

United States District Court,
D. Massachusetts.

Jan. 11, 2000.

Mark Bronstein, Law Office of Mark Bronstein, Boston, MA, for Adelia DaCosta.

Christopher M. Tauro, United States Attorney's Office, Boston, MA, for Kenneth S. Apfel.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of a final decision of the Commissioner of Social Security denying Social Security Disability Insurance Benefits ("SSDI") to the plaintiff, ("Ms. DaCosta"), under the Social Security Act ("the Act"), 42 U.S.C. § 405(g). Section 205(g) of the Act provides *inter alia*, that

> "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing [and][t]he findings of the Commissioner as to any fact, if supported by the substantial evidence, shall be conclusive."

Section 205(h), 42 U.S.C. § 405(h), restricts the judicial remedy as described and contains a prohibition against an action under the general jurisdiction of the federal district courts for a money judgment.

## I. PROCEDURAL HISTORY

On December 27, 1993, Ms. DaCosta applied for Disability Insurance Benefits. On February 8, 1994, the Commissioner issued an initial determination, which the plaintiff did not appeal. On May 2, 1995, Ms. DaCosta filed a second application for Disability Insurance Benefits which was denied on June 20, 1995. Ms. DaCosta filed a request for reconsideration which was denied on July 27, 1995. The plaintiff requested a hearing and, on August 28, 1996, a hearing was held before an Administrative Law Judge, Katherine Morgan ("the ALJ"). The ALJ denied Ms. DaCosta's claim on September 25, 1996, and she appealed to the Appeals Council, which affirmed the ALJ's decision. Ms. DaCosta then filed this request for judicial review of the Social Security Administration's final decision on July 22, 1998.

Ms. DaCosta argues that the Commissioner's decision is based on errors of law and is not supported by substantial evidence. She contends that the record contains substantial evidence to support the finding that her medical condition precludes her from performing past relevant work or any other relevant work on a full time basis, thereby entitling her to Social Security Insurance Benefits. For the reasons states herein, the decision of the Commissioner will be AFFIRMED.

## II. BACKGROUND

The plaintiff, Ms. DaCosta, was 40 years old when she applied for disability insurance in 1995. She was born in Portugal in 1955 and attended school through the Fourth Grade. She came to the United States in 1977 and does not speak very much English. Her past relevant work experience includes employment as a stitcher, a machine operator and as an assembler.

On June 13, 1990, Ms. DaCosta injured her back at work when she lifted a fire extinguisher she was assembling. She was out of work for a few weeks but felt sufficiently recovered to return to work on July 10, 1990. Her worker's compensation insurance paid her total disability benefits during her absence. However, less than one month later, on August 6, 1990, the

plaintiff again stopped working because of increased pain and discomfort. On September 6, 1995, at her disability insurer's request, she was examined by Thomas B. Horan, M.D., who concluded she could return to full duty work.

On January 7, 1991, an Administrative Judge from the Massachusetts Department of Industrial Accidents issued an order finding Ms. DaCosta had a greatly reduced earning capacity as a result of her injury and was capable of earning only $75 per week. Her insurer accepted the decision and began to pay Ms. DaCosta partial disability benefits. Ms. DaCosta attempted to find part time work but was unable to continue her search because of her impairments. During 1991, she earned approximately $250 per month.

On January 16, 1991, William A. Tosches, M.D., a neurologist, examined Ms. DaCosta at her chiropractor's request. At that time, she complained of low back pain without radiculopathy. Ms. DaCosta continued to receive conservative treatment and collected workers' compensation for her partial disability until May 1, 1992 when the case was resolved by her receipt of a lump sum payment of $50,000. The parties agreed that the lump sum payment represented compensation for three and one-half years of future partial disability benefits and that she would continue to receive conservative treatment for her condition.

On January 29, 1994, Ms. DaCosta filed an initial claim for Social Security Disability Benefits and was examined by Dr. M.P. Thakur at the request of the Social Security Administration. Dr. Thakur concluded that Ms. DaCosta had neck pain and persistent upper lumbar pain with radiation to her left leg from her work injury. No positive neurological findings were noted nor any opinion on her limitations due to chronic pain.

On February 8, 1994, Ms. DaCosta's first Social Security Disability Insurance Claim was denied and she did not appeal that decision. She retained an attorney, however, and filed a new application on May 2, 1995.

On June 28, 1995, Ms. DaCosta was examined by an orthopedic surgeon, Roland R. Caron, M.D., who diagnosed her with "failed low back syndrome that is due to repetitive bending and lifting [and] chronic inflammation of the paraspinal muscles with secondary myofascitis, early degenerative disc disease of L5, S1." Dr. Caron stated that he believed Ms. DaCosta was disabled from performing any work which would require prolonged standing, sitting, bending and lifting and that some pain relief would occur from rest and by lying down during the day. He expressed the opinion that she was permanently and totally disabled from any gainful employment as a result of those limitations. Dr. Caron's report was submitted with the 1995 claim. The plaintiff's attorney also asked the psychologist, Edward Conners, Ed.D., to perform a vocational evaluation of Ms. DaCosta based upon some of her medical records, her complaints and her work history. Dr. Conners' report opined that Ms. DaCosta was unable to engage in substantial gainful work activity.

A report from Ms. DaCosta's primary care physician, Carl M. Sousa, M.D. was submitted which noted that the plaintiff had pain with heavy lifting and that her back pain was aggravated by scoliosis. He suggested that she needed to lie down during the day for long time periods and was at a high potential for further aggravation of her condition.

Additional medical reports were submitted by Dr. Tosches, the neurologist who had examined Ms. DaCosta in 1991 and who had begun to see her regularly in 1995. Those reports indicated that Ms. DaCosta's condition had worsened, that she then had positive findings of muscle spasm and pain radiating into her leg, but that some relief occurred with Valium and Soma. Dr. Tosches stated that her back and neck problems restricted her lifting capacity to ten pounds on an occasional

basis. On May 30, 1996, Dr. Tosches indicated that Ms. DaCosta was totally disabled from working as a result of her chronic cervical and upper thoracic strain.

On August 28, 1996, the ALJ held a hearing on Ms. DaCosta's claim for benefits. Ms. DaCosta testified about her pain and limitations due to her medical conditions. A Social Security vocational expert, Steven Saches, testified that Ms. DaCosta's past relevant work experience had been light to heavy unskilled work. Mr. Saches testified that an individual who was illiterate in English but somewhat literate in Portuguese, who was limited to lifting no more than 20 pounds regularly and could climb, balance and stoop could be expected to return to that individual's past type of work, such as factory jobs which require the person to lift 20 pounds on a frequent basis. During his cross-examination, Mr. Saches acknowledged that if the pain testified to by the plaintiff and her medication-related drowsiness were considered, she would be unable to perform the jobs he had just referred to successfully.

On September 25, 1996, the ALJ found that Ms. DaCosta had mild scoliosis, neck and back pain, but that despite those impairments, was able to lift and carry up to 20 pounds on a regular basis. The ALJ therefore denied Ms. DaCosta's claim for benefits. Based on the medical record and testimony during the hearing, the ALJ concluded that Ms. DaCosta was not precluded from performing her past relevant work and that the medical records failed to establish that she was disabled, as that term is defined under the Act. The Appeals Council denied Ms. DaCosta's request for review on April 30, 1998, thereby rendering the ALJ's decision final.

On July 22, 1998, Ms. DaCosta filed her complaint requesting that this Court reverse the decision of the Commissioner and grant her benefits because of her disability.

## III. ANALYSIS

### A. Standard of Review

■ The issue for determination by this Court is whether substantial evidence in the record supports the Commissioner's final decision denying Ms. DaCosta's claim for Social Security Disability Insurance benefits pursuant to 42 U.S.C. § 405(g) because she is not disabled. The Commissioner's findings are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence *de novo*, might have found otherwise. *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127 (1st Cir. 1981).

■ The reviewing court may examine the record and different medical evidence to determine if substantial evidence exists. *Lizotte*, 654 F.2d at 128. "We must uphold the Secretary's findings in this case if a reasonable mind, reviewing the record as a whole, could accept it as adequate to support his conclusion." *Id.* (citing *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981)). Even if the record could be perceived to support other conclusions, the final decision of the Commissioner must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1st Cir. 1987), *cert. denied*, 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988).

■ The Commissioner has a duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1987), *Irlanda Ortiz*, 955 F.2d at 769, *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981).

The plaintiff, Ms. DaCosta, argues that the Social Security Administration's denial of her claim was not supported by substantial evidence and is wrong as a matter of law. She contends that the record sup-

ports the conclusion that her medical condition precludes her from performing her past relevant work or any other relevant work on a full time basis, and that she is thus entitled to social security benefits. Ms. DaCosta asserts that the one doctor's report relied upon by the ALJ is contradicted by significant other medical testimony and does not constitute substantial evidence to support the ALJ's denial of benefits.

The defendant, the Commissioner of the Social Security Administration, argues that substantial evidence in the record supports the Commissioner's decision that Ms. DaCosta failed to demonstrate she is disabled within the meaning of the Social Security Act.

### B. *Legal Analysis*

### 1. *Disability Determination*

The Social Security Act defines disability in § 216(i)(1) and § 233(d)(1), 42 U.S.C. § 416(i)(1) and § 423(d)(1), as:

.... the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months.

Section 223(d), 42 U.S.C. § 423(d) provides, in pertinent part, that:

(2)(A) ... an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for the work.

(3) ... a 'physical or mental impairment' is an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(5) An individual shall not be considered under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

■ The plaintiff bears the burden of proving that she is disabled under the Act and is entitled to benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 2294, n. 5, 96 L.Ed.2d 119 (1987) and *Deblois v. Secretary of Health and Human Services*, 686 F.2d 76, 79 (1st Cir. 1982). Under the Social Security Act, a person suffers from a disability when she is unable to engage in any substantial, gainful activity due to a medically determinable condition that is likely to result in death or continue for at least twelve (12) months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), and 1382c(a)(3)(A).

■ Evidence of an impairment is not enough. The claimant must also be precluded from engaging in any substantial gainful activity because of the impairment. *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1120 (1st Cir.1986); *Thomas v. Secretary of Health and Human Services*, 659 F.2d 8, 9 (1st Cir.1981); 20 C.F.R. §§ 404.1520(f), 416.920(f). Numerous provisions of the Act emphasize the requirement that medical evidence confirm the existence of the alleged disability. *See e.g.*, 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A).

■ Whenever a plaintiff is partially but not totally disabled by her impairments, she is not disabled within the meaning of the Social Security Act. *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir.1965).

■ In the case at bar, the medical evidence establishes that Ms. DaCosta "has mild scoliosis with neck and back pain, impairments which cause significant

vocationally relevant limitations … [but] claimant's alleged left leg and arm impairments are not severe." The ALJ reviewed the medical transcripts and concluded that the objective findings and medical signs necessary to establish the severity of impairment alleged by Ms. DaCosta do not exist. Accordingly, the ALJ correctly noted that Dr. Tosches' January 1991 report differed significantly from his later reports in January and May 1995, that the magnetic resonance imaging (MRI) of the claimant provided normal results and that his conclusions about the patient's physical restrictions are unclear.

The ALJ referred to the January 1994 report from Dr. Thakur but found no significant objective findings because that report is based on the patient's verbal complaints of back and neck pain.

■ The ALJ reviewed other reports regarding Ms. DaCosta's residual functional capacity but determined that the accounts were not well supported by diagnostic findings and that they are inconsistent with other substantial evidence contained in the record. The ALJ's findings are supported by the medical assessment of Dr. Poirier who found that Ms. DaCosta has (1) the capacity to occasionally lift and carry up to 20 pounds, (2) the capacity to frequently lift and carry up to 10 pounds, (3) the capability of standing and/or walking and sitting up to six hours in a day, with normal breaks, and (4) an unlimited capacity to use her upper and lower extremities. Dr. Poirier's opinion, as a non-examining medical consultant, is entitled to evidentiary weight. *Gray v. Heckler*, 760 F.2d 369, 373–75 (1st Cir. 1985).

The Court finds, therefore, that there is substantial evidence in the claimant's record to support the ALJ's conclusions that Ms. DaCosta's condition does not constitute a "disability" pursuant to 20 C.F.R., Pt. 404, Subpart P, App. 1.

2. *Residual Functional Capacity*

The ALJ proceeded to the next step and evaluated Ms. DaCosta's Residual Functional Capacity, the range of work activities that a claimant can perform despite his or her impairments. The ALJ reviewed the submitted medical reports and found that no treating or examining physician discussed findings equivalent in severity to the requirements of 20 C.F.R., part 404, Subpart P, App. 1. In addition, the ALJ determined that the claimant possesses the ability to return to prior work and to perform light work. The record reveals that the claimant failed to establish that she no longer retains the functional capacity to perform her past work as a stitcher, tool assembler or packer. *See Santiago v. Secretary of Health and Human Services*, 944 F.2d 1, 6–7 (1st Cir.1991).

The ALJ correctly noted that when reviewing the claimant's Residual Functional Capacity, she must consider Ms. DaCosta's subjective allegations per 20 C.F.R. § 404.1529 and *Gray v. Heckler*, 760 F.2d 369, 374 (1st Cir.1985). If pain exists, then the Commissioner evaluates the degree in light of the supporting evidence. *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 665 (1st Cir.1981). Under 20 C.F.R. § 404.1529, the claimant's subjective allegation of symptoms is not itself evidence of a disability, but there must be a medical condition that would reasonably produce the alleged symptoms, leading to the conclusion that the claimant is disabled.

In the case at bar, the ALJ carefully considered all of the medical reports and remarked on the opinions of Dr. Caron, Dr. Conner and Dr. Tosches, Dr. Sousa's report and the testimony provided by the claimant. The ALJ determined that Ms. DaCosta's statements were not credible, did not support her disability assertion and that the record failed to establish that she is unable to perform her past prior work. She properly considered the required factors and, in light thereof and of the entire record, the ALJ concluded that Ms. Da-

Costa's assertions of disabling pain were neither consistent with the other evidence nor credible. *See Avery v. Secretary of Health and Human Services*, 797 F.2d 19, 20, 29 (1st Cir.1986).

In *Avery*, the First circuit outlined the following factors to be considered in determining whether alleged pain constitutes an additional limitation upon a claimant's ability to perform a substantial gainful activity:

1) nature, location, duration, frequency, and intensity of any pain,

2) aggravating factors such as, movement, activity, or environmental conditions,

3) type, dosage, effectiveness and adverse side-effects of medication,

4) other forms of treatment,

5) functional restrictions, and

6) limitation of daily activities.

Ms. DaCosta contends that the reports submitted by her treating physician, Dr. Tosche, provide substantial evidence to support her disability claim under the Act. The Commissioner's regulation, 20 C.F.R. § 404.1527 (1998), specifies that a treating doctor's opinion may be entitled to controlling weight, but only when the opinion is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence of the record. In addition, when the a treating physician's opinion is not entitled to controlling weight, the Commissioner must consider such factors as the kind and duration of the examining and treating relationship, the general supportability of the treating physician's opinion with the entire medical record and the medical specialty of the physician, when assessing the reliability of the report. 20 C.F.R. § 404.1527(d)(2).

The Commissioner is charged with the duty to weigh the evidence and resolve material conflicts in the testimony in order to determine the case accordingly. *See Tremblay v. Secretary of Health and Human Services*, 676 F.2d 11, 12 (1st Cir.

1982). The ALJ reviewed all of the evidence and her decision is supported by the testimony of Steven Saches, the Vocational Expert, who determined that Ms. DaCosta could perform her past work as a stitcher, machine operator and tool assembler. The ALJ found that Ms. DaCosta did not provide relevant and credible testimony or any documentary evidence that she has a medically determinable impairment that would preclude her from being able to perform in a position of her past work.

## IV. CONCLUSION

The findings of the Commissioner are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence *de novo*, might have found otherwise. *See Lizotte*, 654 F.2d at 128. The ALJ is given the responsibility to determine issues of credibility and great deference is provided by this Court. *See Irlanda Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991).

Based upon the foregoing considerations, this Court finds that a reasonable mind could have concluded from the evidence in the record that Ms. DaCosta failed to establish that she was disabled within the meaning of the Social Security Act. The Commissioner's findings will be affirmed because, although Ms. DaCosta may lack the residual functional capacity to lift and carry more than twenty pounds, her condition does not preclude her from performing her past relevant work as a stitcher, tool assembler or packer and machine operator, as generally performed in the national economy.

## ORDER

For the foregoing reasons, the Court concludes that the findings of the ALJ and of the Commissioner are supported by substantial evidence on the record and are analyzed under the appropriate legal stan-

dards. Accordingly, the decision of the Commissioner is **AFFIRMED.**

So ordered.