Christine BELANGER, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
Social Security Administration,
Defendant,

No. Civ.A.–40091–NMG.

United States District Court,
D. Massachusetts.

Sept. 20, 2000.

**192**

Karen S. Hambleton, Keches & Mallen, Taunton, MA, for Plaintiff.

Rayford A. Farquhar, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of a final decision of the Commissioner of Social Security denying Social Security Disability Insurance Benefits ("SSDI") to the plaintiff, Christine Belanger ("Belanger"), under the Social Security Act ("the Act"), 42 U.S.C. § 405(g). That particular section of the Act provides, *inter alia*, that

> "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing [and][t]he findings of the Commissioner as to any fact, if supported by the substantial evidence, shall be conclusive."

### I. Background

Belanger was 38 years old and married with two minor children at the time she applied for disability benefits on August 22, 1995. She is a high school graduate and her prior work experience consists of employment as an insurance underwriter, primarily in customer service positions, an encoder, a cashier and a silk screener.

The medical evidence shows that in late 1992, Belanger developed neck pain and tingling in her right hand. An MRI taken in December 1992 revealed a disc herniation and Belanger subsequently underwent surgery to correct it. A follow-up examination showed that Belanger's neurological problem was resolved, but that she complained of persistent hoarseness which the treating physician believed was due to vocal cord paralysis. Belanger was referred to an Ear, Nose and Throat specialist.

On February 4, 1993, Belanger was treated by Dr. Daniel Kim and received a complete laryngospic examination. Dr. Kim noted that Belanger had complete

paralysis of the right vocal cord with incomplete compensation by the left side.

At a follow-up examination on July 1, 1993 by the doctor who performed Belanger's back surgery, he noted that she had no neurological deficits, that she had a full range of neck motion and that her motor, sensory and reflex responses were normal. Although her hoarseness remained, Belanger did not attend speech therapy sessions as Dr. Kim had recommended. Belanger cited her work schedule as the reason for her non-attendance. She was instructed to see Dr. Kim in five months.

After missing her follow-up appointment with Dr. Kim, Belanger next saw him on March 27, 1995. She remained moderately hoarse but was in no acute distress and indicated that she sought only to increase her voice volume. In an effort to correct the hoarseness, Belanger underwent a right thyroplasty of the vocal cords on May 8, 1995.

At an August 17, 1995 return visit with Dr. Kim, Belanger was still significantly hoarse and Dr. Kim referred her to speech therapy. Subsequent speech-language evaluation revealed that Belanger had decreased voicing function characterized by hoarseness/harshness, low volume, breathiness and limited pitch range. During the fall of 1995, Belanger experienced episodes of shortness of breath and chest tightness while resting which led to the onset of difficulty breathing, lightheadedness, dizziness, racing heart and nausea approximately twice each week. Such episodes caused Belanger to reduce significantly the occasions she drives alone.

Testing performed on November 7, 1995 showed no evidence of obstructive sleep apnea and X-rays of the sinuses were normal. On November 22, 1995, Belanger underwent a laryngoscopy to rule out an upper airway lesion. Although her right vocal cord remained paralyzed, there were no vocal cord lesions. The study further revealed normal epiglottic function and swallowing. Pulmonary function testing performed on November 29, 1995 revealed mild obstruction with reactive airways most compatible to asthma. Twenty-four hour esophageal pH monitoring showed that Belanger's cough was likely induced by acid reflux. After further examination on December 21, 1995, Belanger was instructed to go on an anti-reflux diet and to quit smoking.

At the request of the Social Security Administration, Belanger was examined for purposes of a consultative report by Dr. Robert Sharpley on February 6, 1996. Dr. Sharpley's diagnostic impressions were chronic anxiety and adjustment disorder. Dr. Hernando Romero, to whom she had been referred by her counsel, diagnosed her with adjustment disorder with depressed and anxious mood and anxiety disorder. After examination by a neurologist, Dr. John Adams, he reported that Belanger has a history of anticipatory anxiety relative to unprovoked daily panic attacks and diagnosed her with recurrent laryngeal nerve neurotherapy.

## II. Procedural History

Belanger filed an application for Disability Insurance benefits under Title II of the Act on August 22, 1995 because of very limited vocal range, breathing difficulties and swallowing problems. Her application was denied by letter dated September 29, 1995. She filed a timely Request for Reconsideration which, in turn, was denied.

Belanger then filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). In a decision entered on May 15, 1996, Attorney Advisor, Karen Anderson, found that Belanger was entitled to a period of disability beginning on August 15, 1994 and to Disability Insurance benefits under the Act and that her disability continued through at least the date of that decision. ALJ Rosemarie Harvey filed an Order of Dismissal of Belanger's request for a hearing in which Harvey stated that the Attorney Advisor's decision stood as the final decision of the Social Security Administration.

The Appeals Council, on its own motion, reviewed the Attorney Advisor's decision, noting that the record before the Attorney Advisor did not provide substantial evidence to support a conclusion that Belanger was disabled. After reviewing the case and receiving supplemental briefs and more evidence, the Appeals Council remanded Belanger's case back to an ALJ for further review.

A hearing on Belanger's application was held on March 11, 1997 before ALJ, Dawn B. Lieb, during which the plaintiff and a vocational expert testified. In a decision entered on May 29, 1997, ALJ Lieb found that Belanger was unable to perform relevant work and that her capacity for a full range of light work was diminished by her non-exertional limitation. Despite those limitations, however, the ALJ concluded that Belanger could perform work in jobs which existed in significant numbers in the national economy. The ALJ found, therefore, that Belanger had not at any time been under a disability as defined by the Act.

Belanger filed a request for Appeals Council Review and was denied such review on March 8, 1999.

## III. Discussion

### A. *Standard of Review*

■ This Court must determine whether substantial evidence in the record supports the Commissioner's final decision denying Belanger's claim for Social Security Disability Insurance benefits pursuant to 42 U.S.C. § 405(g) on the grounds that she is not disabled. The Commissioner's findings are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence *de novo*, might have found otherwise. *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127 (1st Cir.1981).

■ The reviewing court may examine the record and different medical evidence to determine if substantial evidence exists.

*Lizotte*, 654 F.2d at 128. "We must uphold the Secretary's findings in this case if a reasonable mind, reviewing the record as a whole, could accept it as adequate to support his conclusion." *Id.* (citing *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981)). Even if the record could be perceived to support other conclusions, the final decision of the Commissioner must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1st Cir. 1987).

■ The Commissioner has a duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), *Irlanda Ortiz*, 955 F.2d at 769, *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981).

■ The plaintiff, Belanger, argues that the Social Security Administration's denial of her claim was not supported by substantial evidence and that its ruling is incorrect as a matter of law. She contends that the record supports the conclusion that her medical condition precludes her from performing her past relevant work or any other relevant work on a full time basis, and that she is thus entitled to social security benefits.

The defendant, the Commissioner of the Social Security Administration, argues that substantial evidence in the record supports the Commissioner's decision that Belanger failed to demonstrate she is disabled within the meaning of the Act.

### B. *Analysis*

#### 1. *Disability Determination*

The Act defines disability in § 216(i)(1) and § 233(d)(1), 42 U.S.C. § 416(i)(1) and § 423(d)(1), as:

.... the inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months.

Section 223(d), 42 U.S.C. § 423(d) provides, in pertinent part, that:

(2)(A) ... an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for the work.

(3) ... a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(5) An individual shall not be considered under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

■ The plaintiff bears the burden of proving that she is disabled under the Act and that she is entitled to benefits. *Bowen v. Yuckert,* 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 2294, n. 5, 96 L.Ed.2d 119 (1987) and *Deblois v. Secretary of Health and Human Services,* 686 F.2d 76, 79 (1st Cir.1982). Under the Act, a person suffers from a disability when she is unable to engage in any substantial, gainful activity due to a medically determinable condition that is likely to result in death or continue for at least twelve (12) months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), and 1382c(a)(3)(A).

■ Evidence of an impairment is not enough. The claimant must also be pre-

cluded from engaging in any substantial gainful activity because of the impairment. *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986); *Thomas v. Secretary of Health and Human Services,* 659 F.2d 8, 9 (1st Cir.1981); 20 C.F.R. §§ 404.1520(f), 416.920(f). Numerous provisions of the Act emphasize the requirement that medical evidence confirm the existence of the alleged disability. *See e.g.,* 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A). Whenever a plaintiff is partially but not totally disabled by her impairments, she is not disabled within the meaning of the Act. *Rodriguez v. Celebrezze,* 349 F.2d 494, 496 (1st Cir.1965).

In the instant case, the medical evidence establishes that Belanger "has noted no improvement in her hoarseness and has experienced episodes of shortness of breath and chest tightness" and as a result experiences "severe attacks of anxiety" which, in turn, have led to isolation and reduced use of a motor vehicle. The ALJ reviewed the submitted medical reports and found that no treating or examining physician discussed findings equivalent in severity to the requirements of 20 C.F.R., part 404, Subpart P, App. 1. The ALJ found, however, that Belanger had "severe" impairments, specifically right vocal cord paralysis, sequelae from a herniated disc which required a discectomy and a generalized anxiety disorder.

■ The mere presence of an impairment does not entitle a plaintiff to disability benefits. *Tsarelka v. Secretary of Health and Human Services,* 842 F.2d 529, 534 (1st Cir.1988). Rather, the evidence must demonstrate that the impairment or combination of impairments produces functional limitations which are either equivalent to one of certain listed impairments or precludes her from engaging in her past work or in any other work in the national economy. *McDonald,* 795 F.2d at 1120. If Belanger can perform any of her past work or engage in other work, consider-

ing her age, education, work experience and functional capacity, then she is not "disabled" as defined by the Act. *Id.*

## 2. *Residual Functional Capacity*

After the ALJ determined that Belanger had an impairment, she determined that Belanger's residual functional capacity ("RFC") did not allow her to return to any of her past employment. The ALJ determined, however, that Belanger remained able to perform other work on jobs existing in significant numbers in the national economy. If substantial evidence supports that determination, then the ALJ's decision must be affirmed.

RFC is a term used to describe the range of work activities that a claimant can perform despite his or her impairments. The ALJ correctly noted that when reviewing the claimant's RFC, she must consider Belanger's subjective allegations per 20 C.F.R. § 404.1529 and *Gray v. Heckler,* 760 F.2d 369, 374 (1st Cir.1985). Under 20 C.F.R. § 404.1529, the claimant's subjective allegation of symptoms is not itself evidence of a disability, but there must be a medical condition that would reasonably produce the alleged symptoms, leading to the conclusion that the claimant is disabled.

■ In the instant case, the ALJ carefully considered all of the medical reports, paying particular attention to the reports of Dr. Romero and Dr. Sharpley. The ALJ specifically noted that although Belanger's impairments relate more to psychological, rather than physical, disorders, she never has received any psychiatric counseling or treatment. This is noteworthy because "[i]mplicit in a finding of disability is a determination that existing treatment alternatives would not restore a claimant's ability to work." *Tsarelka,* 842 F.2d at 534. Accordingly, before Belanger can establish entitlement to disability benefits, she "must follow through with securing treatment to determine what can be done to restore her ability to work." *Id.*

The evidence related to Belanger's mental impairment consists of two consultative psychiatric evaluations. The first was performed by Dr. Sharpley at the request of the Commissioner. Although Dr. Sharpley diagnosed chronic anxiety and an adjustment disorder, his mental status evaluation indicated that Belanger was functioning well and found her alert, attentive and fully oriented. In short, Dr. Sharpley's report fully supports the ALJ's conclusion that Belanger's mental impairment would only moderately affect her ability to complete a normal work week.

The second consultative report comes from Dr. Romero, who examined Belanger at the request of her counsel. Although Dr. Romero concluded that Belanger was unable to perform gainful work, the ALJ gave that conclusion little weight. Regulations provide that an ALJ need not accept the opinion of any physician if it is "inconsistent with other substantial evidence in [the] case record ..." 20 C.F.R. § 404.1527(d)(2). *See also Tremblay v. Secretary of Health and Human Services,* 676 F.2d 11, 12 (1st Cir.1982). The severity of Belanger's condition as described by Dr. Romero has little support in the record and is contradicted by Dr. Sharpley's findings. Therefore, the ALJ could conclude that Dr. Romero's report was due little weight.

■ Moreover, Dr. Romero's findings were based, in part, upon Belanger's subjective allegations. The ALJ concluded that the plaintiff's statements concerning her impairments were not entirely credible. The ALJ's conclusion on such matters is given great deference. *Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991).

The ALJ then heard testimony from a vocational expert ("VE") who enumerated the jobs that Belanger is able to perform given her particular RFC and her age, educational background and employment history. The VE testified that, given all of Belanger's characteristics, she is capable of making an adjustment to work as an

assembler, of which there are 11,000 in Massachusetts, an inspector, of which there are 9,000 in Massachusetts, or a hand packager, of which there are 3,000 in Massachusetts. The ALJ then concluded that Belanger could make the necessary adjustment to work at jobs which exist in significant numbers in the national economy.

## IV. Conclusion

The findings of the Commissioner are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence *de novo,* might have found otherwise. *See Lizotte,* 654 F.2d at 128. Even if the record could be perceived to support other conclusions, the final decision of the Commissioner must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987). The ALJ is responsible for determining issues of credibility and great deference is provided by this Court. *See Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991).

Based upon the foregoing considerations, this Court finds that a reasonable mind could have concluded from the evidence in the record that Belanger failed to establish that she was disabled within the meaning of the Act. The Commissioner's findings will be affirmed because, although Belanger may have an impairment and lack the residual functional capacity to perform her past work as a customer service representative, her condition does not preclude her from performing other work available to her in the national economy.

### ORDER

For the foregoing reasons, the Court concludes that the findings of the ALJ and of the Commissioner are supported by substantial evidence on the record and are analyzed under the appropriate legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. The motion of the plaintiff to reverse or remand the decision of the Commissioner (Docket No. 6) is DENIED and the motion of the Commissioner to affirm the decision (Docket No. 7) is ALLOWED.

So ordered.